UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| PIONEER RESOURCES CORPORATION, | ) ) ) | |
| | ) | Civil Action No. 6: 04-465-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| NAMI RESOURCES COMPANY, LLC, | ) ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of the Defendant Nami Resources Company's Objection to the January 3, 2006, Order of the Magistrate Judge. [Record No. 58] Through the January 3, 2006, Order, the Magistrate Judge granted Pioneer Resources Corporation's motion to: (1) compel the Defendant to produce the documentation requested by the accounting firm, Stivers & Associates; and (2) remit payment of $40,000 to Stivers & Associates. The motion is brought pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which allows the district court to review factual and legal determinations made by a magistrate judge. For the reasons discussed herein, the Court will deny the motion.

I.     BACKGROUND

Defendant Nami Resources Company, LLC (NRC) is a natural gas company that owns in excess of 600 wells in southeastern Kentucky. The Plaintiff Pioneer Resources Corporation (Pioneer) purchased a working interest in four of these wells in 2002. Pioneer entered into a Participation Agreement with NRC in which it agreed to pay a percentage of the cost of drilling

-1-

the wells and, if the wells were productive, to receive a sum of money as revenue equal to its working interest for gas produced from the wells.

Pioneer brought this action against NRC to recover alleged damages arising from its investment in the four natural gas wells.  Specifically, Pioneer claims that NRC: (1) fraudulently overstated the cost of drilling the Wells; (2) fraudulently misrepresented the volume of natural gas produced from the wells; (3) fraudulently misrepresented the sale price of the gas produced; (4) fraudulently underpaid Pioneer for the gas; (5) failed to pay Pioneer the appropriate amount of revenues.

In late August and early September, Pioneer conducted the depositions of various officers at NRC, one of which was Majeed Nami, NRC's CEO.  During his deposition, Mr. Nami acknowledged that there appeared to be some accounting errors in their financial records regarding the volume of gas produced by the four wells which would affect the price.  Based on this concession, the parties agreed to a third-party accounting to determine the correct volume of gas produced by the wells and relevant amount of money that NRC should have received from Pioneer.  Pioneer's counsel dictated the agreement of the parties into the deposition record.  That agreement is reported at pages 55 through 62 of Majeed Nami's deposition.

The parties do not dispute that they entered into the following agreement:  (1) Pioneer's principal, Shigemi Morita, would select an accountant who is well-versed in oil and gas auditing and accounting to audit gas volumes produced from the wells and pricing for said gas; (2) NRC would cooperate fully with the accountants, giving them access to whatever documentation they required and informing them of the location of such documentation; (3) NRC would compensate

the accountants for such audit, notwithstanding the fact that the accountant may also be in the employ of Pioneer for purposes of the ongoing litigation; and (4) the results of the audit would be used for this litigation only and not be released to any competitor.  [Record No. 46, Ex. B]  Pursuant to the agreement, Pioneer selected Stivers & Associates (the Accountants) to perform the accounting procedures and entered into an Engagement Letter with the firm.   The Accountants then began the audit procedure.  However, to address the Defendant's concerns that the documents requested by the Accountants not be made public, the parties drafted, signed and submitted a Confidentiality Order to the Court.  Magistrate Judge Johnson approved this Confidentiality Order on September 28, 2005.

On December 7, 2005, Pioneer filed a motion to compel based on NRC's alleged failure to provide access to the documentation requested by the Accountants.  [Record No. 46] The Magistrate Judge concluded that NRC's "stipulation as set forth in the Confidentiality Order . . . controls the controversy" at issue. [Record No. 54, p. 2] Specifically, he determined that "the plaintiff (through the motion to compel) seeks only that which the defendant previously agreed to do in the confidentiality order." [Record No. 54] NRC filed objections to the Magistrate Judge's Order, seeking review by this Court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

## II.   DISCUSSION

A district court will affirm the opinion of a Magistrate Judge on a nondispositive ruling unless it is "clearly erroneous *or* contrary to law."  Fed. R.Civ. P. 72(a) (emphasis added).  In

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), the Sixth Circuit held that such a review was more lenient than de novo review.

In objecting to the Magistrate Judge's Order, NRC concedes that it agreed to hiring Stivers & Associates to perform the accounting. However, it alleges that it did not agree to the terms of the Engagement Letter. Specifically, NRC asserts that the Engagement Letter is "simply a ploy by the Plaintiff to attempt to expand the agreed upon terms of the accounting procedure which were to be conducted." [Record No. 58, p. 5] Notwithstanding this argument, the Court notes that the Defendant did expressly agree to the terms of the Confidentiality Order. Further, as noted by the Magistrate Judge, the Confidentiality Order incorporates the terms of the Engagement Letter.

The Defendants have conceded and this Court agrees that paragraph 8 of the Confidentiality Order "clearly sets out the terms of the [parties'] agreement." [Record No. 58, p. 5] That paragraph provides as follows:

> The parties have agreed to the employment of Stivers & Associates ("Accountants") to perform certain accounting procedures to determine the volumes and pricing of gas produced by certain wells in which the Plaintiff has a working interest (the "Wells") for the period commencing January, 2002 through the date of completion of the audit. For purposes of those procedures, the Accountants will have access to the records of the NRC and its affiliated companies (collectively the "Company") sufficient to conduct the above-referenced accounting as described in the Engagements Letter of September 20, 2005 (the "Engagement Letter"). Defendant agrees to compensate said Accountants pursuant to the terms of the Engagements Letter until the day following the conclusion of the settlement conference in this action.

[Record No. 33]

-4-

The above paragraph outlines the agreement of the parties. More importantly, it places the parties on notice that the scope of the accounting to be performed by the Accountants is described in the Engagement Letter. It further provides that NRC is to pay the Accountants in accordance with the terms of the Engagement Letter. Counsel for NRC reviewed the language of the Confidentiality Order before it was submitted to the Court. If NRC was not in agreement with the terms of the Engagement Letter, it should not have agreed to the language of the Confidentiality Order which explicitly incorporates those terms. NRC cannot now modify or disclaim that to which it initially agreed.

In addition, NRC has asked that the Court allow it to take the deposition of Mr. Enderly, one of the principle accountants for Stivers. NRC argues that his testimony will demonstrate that the documents requested by the Accountants are not necessary to determine the cost of gas, the price of gas, and/or the cost of well installation for the wells at issue in this litigation. However, if the Court were to allow NRC conduct this type of deposition, it would alter the parties initial agreement regarding the manner in which discovery should proceed in this matter. The parties agreed that the chosen accountant would "determine accurately the volumes of gas produced and the pricing of the gas produced and will have access to other records of broader nature sufficient to produce" this information. [Record No. 58, Ex. 1, Majeed Nami depo., p. 56] They further agreed that the Defendant would provide the Accountants with "whatever documentation they require." [Record No. 58, Ex. 1, Majeed Nami depo., p. 60] In other words, the parties agreed to a procedure in which the Accountants would determine the documents necessary to conduct

these accounting procedures.  Thus, the Court will deny NRC's request to take the deposition testimony of Mr. Enderly because this would alter the parties' initial agreement.

NRC has also objected to the Magistrate's Order regarding the payment of $40,000 to the Accountants.  As noted above, the parties agreed that NRC would compensate the Accountants for the audit, notwithstanding the fact that the Accountant may ultimately become an expert for the Pioneer at trial.  Thus, in accordance with the terms of the parties' agreement, payment of this money is proper.

### III.   CONCLUSION

Having examined the record, the Court cannot conclude that the Magistrate Judge's findings are "clearly erroneous or contrary to law."  Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff's motion to compel [Record No. 46] is **GRANTED**;

2.      The Defendant shall replenish the retainer fee of Stivers & Associates in the amount of $40,000.  This amount shall be paid within ten (10) day of entry of this Order.

3.      The Magistrate Judge's Order of January 3, 2006, is **ADOPTED** and **INCORPORATED** herein by reference pursuant to Rule 72(a) of the Federal Rules of Civil Procedure [Record No. 54].

4.      Plaintiff's motion to amend the Scheduling Order [Record No. 63] is **GRANTED**. The parties shall submit an agreed proposed amended order within seven (7) days of entry of this Order.

This 16th day of February, 2006.



Signed By:

*__Danny C. Reeves__*

United States District Judge