UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 04-465-DCR

PIONEER RESOURCES CORPORATION,   PLAINTIFF
A NEW YORK CORPORATION

VS.          **MEMORANDUM AND ORDER**

NAMI RESOURCES COMPANY, LLC       DEFENDANT

\*\*\*\*\*\*\*

This matter is before the Court upon the "Motion to Compel" (DE#100) by the defendant "NRC". A telephonic conference was held on May 17, 2006, and a transcript of same has been filed. Having carefully reviewed the record, including the Motion to Compel (DE#100), Response (DE#105), Reply (DE#111), and Transcript (DE#118), the undersigned Magistrate Judge finds as follows:

Civ.R. 26(b)(1) allows the discovery of any matter, not privileged, that is relevant, or appears reasonably calculated to lead to the discovery of admissible evidence. Although that which is "relevant to the subject matter involved in the pending action" has been construed broadly, discovery has "ultimate and necessary boundaries." *United States v. One Tract of Real Property*, 95 F.3d 422 (6th Cir. 1996), citing *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978). "It is well-established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Plaintiff has filed this action against the defendant "NRC", alleging that NRC defrauded plaintiff by overcharging for well expenses and withholding revenue from plaintiff's wells. Defendant counter-claimed against Mr. Morita and Morita Properties, Inc., alleging that it had hired Mr. Morita to "raise equity and venture capital from Japanese investors" and paid him some expenses to do so, but that he did not raise any funds, thereby allegedly breaching this hiring contract. See DE#7, p. 3, ¶6, 34. Defendant seeks an offset of this alleged "expense money" against any money that NRC may owe on the fraud claims. DE#7, p. 7, ¶36.

The lengthy discovery disputes in this case have been "highly contentious", to say the least. In this latest round, defendant seeks to compel the production of

1

tax returns, "all corporate documents", and financial records of Morita Properties, Inc. and Mr. Morita. However, such requests are overly broad to such a pronounced extent that it would be impossible for the plaintiff to discern what documents are responsive. Plaintiff argues that the defendant has shown no relevance whatsoever in the majority of the requested documents. DE#118, TR 4. It is not difficult to understand the plaintiff's argument that these discovery requests are intended to overwhelm and harass the plaintiff. With only a few exceptions noted herein, none of the requested information appears to have any relevance to the actual claims in this action.

     For example, in Request for Production No. 3, NRC seeks the articles of incorporation, by-laws, and all minutes or other corporate records of Pioneer/Morita Properties, ostensibly for purposes of discerning the real party in interest. See DE#100, p. 4. However, such request is generalized and not even restricted to any particular time period. It only vaguely describes the records sought as "all minutes or other corporate records". Given such overly broad wording, it would be difficult to discern what corporate documents would actually be responsive to such request.

     In any event, plaintiff has indicated it will stipulate the real party in interest and voluntarily provide corporate records showing that Mr. Morita originally purchased the wells, assigned the wells to Morita Properties, and then changed the company name to Pioneer Resources Corporation. In other words, plaintiffs are willing to provide relevant documents to establish exactly what defendant claims it wants to know. DE#105, p. 5. Defendant has put forth no other plausible justification for seeking "all minutes or other corporate records of Pioneer/Morita Properties". Moreover, the articles of incorporation are public documents readily accessible from other sources.

     In Request for Production No. 4, NRC seeks "all state and federal tax returns, including all schedules, worksheets and other attachments or exhibits of any kind prepared and/or filed by or on behalf of Pioneer/Morita Properties since its acquisition of an interest in the Wells." DE#100, p. 4. In Request for Production No. 5, NRC seeks all reports of financial audits or review of Pioneer/Morita Properties by third-party accountants or auditors" and in Request No. 10, defendant seeks "all financial statements" and other documents that relate to Pioneer/Morita Properties' finances. Again, such requests are burdensome and overly broad, and defendant has shown no plausible reason whatsoever as to why such documents would contain any information that would be relevant to the actual fraud claims before this Court. Defendant's requests have ventured far beyond the scope of this case, and in fact, even defense counsel acknowledged during the conference that

2

Request No. 5 may be a "little broad" and partially withdrew it. DE#118, TR 11-12. As plaintiff's counsel aptly pointed out during the conference, "to bring in financials that relate to and reflect transactions based on different parties, involving different corporations, involving different understandings is ... a complete waste of time... [and] totally irrelevant." DE#118, TR 13.

With respect to Requests 21, defendant seeks "all documents which relate to, refer to, or evidence Morita's acquisition, ownership or sale of any oil or gas related interests". DE#100, p. 5. Incredulously, defendant claims that it wants to show that Mr. Morita is a sophisticated investor who should not have relied on the defendant's allegedly fraudulent representations. However, this argument provides no basis for defendant to demand all records concerning personal tax returns and unrelated investments of Mr. Morita. Although defendant asserts that it wants to determine the "level of experience and knowledge of Mr. Morita", plaintiff points out that NRC already has been provided Mr. Morita's resume and other pertinent information. There has already been a large amount of discovery, including depositions, in this case, and defendant has shown no proper basis for demanding extensive additional documentation regarding Mr. Morita's personal finances and investments unrelated to the actual claims in the present case.

In Request No. 3, defendant seeks Mr. Morita's personal tax returns. See DE#100, p. 5. However, defendant has not shown any relevance or need for Mr. Morita's personal tax returns. Plaintiff points out that this case involves alleged fraud by the defendant in overcharging plaintiff for well expenses and for withholding revenue from plaintiff's wells.[1] To the extent NRC claims it wants an offset of expense money provided to Mr. Morita to raise venture capital, NRC is certainly in a position to know what it paid Mr. Morita. Nothing in any of the requested tax documents would shed any light on the fraud claims against NRC or the counter-claim against Mr. Morita for expenses allegedly advanced to him for purposes of raising capital. Accordingly,

---

[1]Plaintiff also argues tax benefits are generally not used to offset fraud damages and cites *Randall v. Loftsgaarden*, 478 U.S. 647, 656-657, 106 S.Ct. 3143, 3149 - 3150 (1986)(holding that under the Securities Act of 1933, Section 12(2)'s offset for "income received" did not include the tax benefits received by defrauded investors). Defendant argues that "NRC is entitled to defend any equitable claim like unjust enrichment by showing the tax benefit received" , see DE#111, p. 4, and cites *Bogan v. Finn*, 298 S.W.2d 311, 313-14 (Ky. 1957). However, *Bogan* did not involve an offset of tax benefits in a fraud case. *Id*. at 314 ("plaintiff's claim is simply that defendant benefited because an insurance company paid their joint indebtedness [on a vehicle] and the plaintiff would like to have the money....there is no legal or equitable basis for the claim").

3

It is **ORDERED** that:

a) the "Motion to Compel" (DE#100) is **DENIED**;
b) the objections to NRC's Requests for Production No. 3, 4, 5, 10, and 14 from Pioneer/Morita, as irrelevant, burdensome, and/or overly broad are *sustained*, and;
c) the objections to NRC's Requests for Production No. 3 and 21 from Mr. Morita, as irrelevant, burdensome, and overly broad are *sustained*.

This the 8th day of June, 2006.

Signed By:
*J.B. Johnson, Jr.*
United States Magistrate Judge