Eastern District of Kentucky

FILED

JUN 15 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION  NO. 04-465-DCR

PIONEER RESOURCES CORPORATION,                    PLAINTIFF
A NEW YORK CORPORATION

VS.                      **MEMORANDUM AND ORDER**

NAMI RESOURCES COMPANY, LLC                        DEFENDANT

\*\*\*\*\*\*\*

This matter is before the Court upon the "Defendant's Motion to Exclude Plaintiff's Expert Evidence".[1] Alternatively, defendant asks that plaintiff be compelled to provide Rule 26 expert disclosures immediately and to adjust discovery deadlines.  Having fully considered the record, including the Motions (DE#91, 92), Response (DE#115), and Reply (DE#136), the undersigned Magistrate Judge finds as follows:

As set forth in the Court "Minutes" Order dated April 11, 2006, plaintiff was required to provide its expert disclosures to NRC by April 27, 2006. NRC contends that the plaintiff has not fully done so, although it acknowledges that plaintiff furnished the names and addresses of its experts on March 27, 2006. Those experts are David Hicks, CPA and Mark Enderle.CPA, both of Stivers & Associates, PSC. Plaintiff further indicated that it would provide "all opinions the witnesses will express, including the basis and reasons for the opinions...upon completion of the agreed report of Stivers & Associates". On April 3, 2006, Stivers & Associates issued a preliminary  draft of its audit report.  NRC was furnished with such information, but complains that this is not an "expert report" and does not expressly refer to the anticipated testimony of such experts.
Plaintiff responds that the parties previously agreed that plaintiff would

---

[1]There is only one motion, but it has been given two docket entries (DE#91, 92) because it makes two requests (to exclude evidence, or in the alternative, to compel disclosure.)  As disclosure has already been provided to NRC, the alternative request is moot.

Page 1 of 3

select an accounting firm with knowledge of the oil and gas business to audit the NRC books, that NRC would cooperate fully in such audit and give full access to all documents, that the accountants would be employed by both Pioneer and NRC until the settlement conference, and thereafter would be employed by Pioneer. Plaintiff points out that NRC specifically stipulated in writing that it would not object to the accountants testifying at any hearing or trial and that it is now acting contrary to such stipulation.  DE#115, Exhibit A.

Plaintiff contends that NRC has  failed to cooperate fully in the audit and has repeatedly denied access to relevant documents, thereby thwarting the accountants' diligent efforts to perform the audit properly and in a timely manner. The accountants repeatedly submitted lists of necessary documentation that NRC was withholding, but were apparently ignored by NRC. NRC also delayed payment for the audit. Plaintiff was forced to seek court intervention to obtain access to the documents for the accountants. The Magistrate Judge granted such request, and over NRC's objection, the District Judge agreed. The preliminary draft of the audit report was issued on April 3, 2006, and the parties were given until April 25, 2006 to comment on its contents. As the United States Supreme Court has succinctly observed, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

Plaintiff responds that, due to NRC's own unreasonable delay, the audit report was only in preliminary "draft" form and  incomplete, and thus, plaintiff was effectively prevented from more fully providing the expert reasoning that NRC seeks under Rule 26(a)(2)(B).  Plaintiff explains that NRC refused to provide a standard management representation letter verifying the accuracy of documents provided to the accountants. Given that NRC's alleged falsifying of invoices and records for well expenses is directly at issue in this case, NRC's refusal to verify the accuracy of documentation provided to the auditors is untenable. Plaintiff also contends that NRC withheld necessary documents and refused to make key employees available for interview. Plaintiff points out that the accountants therefore had to restructure their report. The final report was not obtained by plaintiff until May 26, 2006, and was then immediately furnished to NRC. Plaintiff indicates it has now provided NRC with full expert disclosures.

Plaintiff has shown substantial justification for any delay or incompleteness in its expert disclosures, and the requested sanctions and/or exclusion of plaintiff's expert testimony pursuant to Rule 37(c) of the Federal Rules of Civil Procedure

Page 2 of  3

are not warranted. NRC has contributed to the delay in this case, has known the names of plaintiff's experts at least since March of 2006, and is well aware of the content of the preliminary and final audit reports. NRC has shown no harm whatsoever arising from the relatively minor and amply justified delay by plaintiff in completing its Rule 26 disclosures.  Accordingly,

It is **ORDERED** that "Defendant's Motion to Exclude Plaintiff's Expert Evidence" (DE#91, 92) is **DENIED**.

This the  /5ᵗʰ  day of June, 2006.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge