

Eastern District of Kentucky
FILED

JUN 16 2006

AT LONDON
LESLIE G WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION  NO. 04-465-DCR

PIONEER RESOURCES CORPORATION,                    PLAINTIFF
A NEW YORK CORPORATION

VS.                    **MEMORANDUM AND ORDER**

NAMI RESOURCES COMPANY, LLC                    DEFENDANT

\*\*\*\*\*\*\*

This matter is before the Court upon the "Defendant's Second Motion to Compel" (DE#122). A telephonic conference was held on May 26, 2006, during which the plaintiff argued that the work product rule applied to certain documents requested by defendant NRC. See DE#119, TR 24-28.  Plaintiff has now filed a privilege log and the documents under seal for *in camera* review.  DE#131. Having carefully considered the documents and the arguments of counsel, the undersigned Magistrate Judge finds as follows:

On April 7, 2006, defendant NRC served plaintiff with its Second Set of Discovery Requests. NRC now seeks to compel the production of documents under the following four requests:

**Request for Production No. 19**: Any and all documents provided to you by Angela Sulfridge.
**Request for Production No. 20**: Any and all documents provided to you by Bobby Sulfridge.
**Request for Production No. 21**: Any and all documents provided to you by any entity connected to or affiliated with Angela Sulfridge and/or Bobby Sulfridge.
**Request for Production No. 22**: Any and all documents provided by you to: a) Angela Sulfridge, b) Bobby Sulfridge, and/or c) any entity connected to or affiliated with Angela Sulfridge and/or Bobby Sulfridge.

In its responses to such requests, plaintiff objected that the word "all" is overly

broad, that the requested information is not relevant, and that any such documents are subject to the attorney-client privilege and/or the attorney work product doctrine.

In its memorandum, NRC indicates that the Sulfridges were employed by NRC until 2004. NRC indicates that Bobby Sulfridge worked as a field supervisor and Angela Sulfridge worked as an accounting clerk, and that both individuals dealt with Mr. Morita during their employment at NRC. After NRC terminated their employment, Bobby Sulfridge started an oil and gas consulting company in London, Kentucky and, according to NRC, was then hired by Mr. Morita to review the costs, production, and revenues associated with his wells.

Although NRC's requests are very broad (i.e generally referring to "all" documents without any limiting language), NRC explains in its memorandum that Mr. Morita indicated at his deposition that Bobby Sulfridge had provided him sometime in August of 2004 with a spreadsheet document concerning his wells, citing Morita Deposition, Vol. II, pp. 67-69. At deposition, counsel advised Mr. Morita not to answer defendant's questions about the content of such documents and asserted that they were "work product". Plaintiff asserted the same objection in its response to the second set of requests. As discussed during the telephonic conference, plaintiff has submitted a privilege log and the subject documents for 'in camera' inspection by the Magistrate Judge. The log identifies spreadsheets showing 1) the estimated drilling costs for the wells, 2) a comparison of the well production reported to Morita and the Kentucky Revenue Cabinet, and 3) a comparison of well production and gas prices. Plaintiff indicates that such documents were prepared by Oil & Gas Consulting, Inc. LLC "overseen by Darrell Saunders", indicates that such documents were received by Mr. Morita and Darrell Saunders after commencement of this lawsuit, and asserts the "attorney work product" privilege.

The work product doctrine "is distinct from and broader than the attorney-client privilege." *United States v. Nobles*, 422 U.S. 225, 238 n.11, 95 S.Ct. 2160, 2170 n.11 (1975). Only confidential communications are protected by the attorney-client privilege, whereas the work product doctrine protects documents prepared in anticipation of litigation by or for the attorney. *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986); *In re Special September 1978 Grand Jury*, 640 F.2d at 62. The work product doctrine applies to documents prepared by or for counsel and allows counsel to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference ... to promote justice and to

protect [his] clients' interests." *In re Antitrust Grand Jury*, 805 F.2d at 163, quoting *Hickman v. Taylor,* 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947)("[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney."). In *United States v. Nobles*, 422 U.S. 225, 238-239, 95 S.Ct. 2160, 2170 (1975), the United States Supreme Court observed:

> "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."

In *Hickman v. Taylor,* 329 U.S. at 510, 67 S.Ct. at 393, the United States Supreme Court observed that it is essential that lawyers work with a certain degree of privacy, free from unnecessary intrusion by adverse parties. "Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *In re Antitrust Grand Jury*, 805 F.2d at 163.[1]

Under the work product doctrine embodied in Rule 26(b)(3), a party may not obtain the "opinion work product of his adversary; i.e., any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." *In re Antitrust Grand Jury,* 805 F.2d at 163-64. However, under certain circumstances, factual work product, i.e. the "written or oral information transmitted to the attorney and recorded as conveyed by the client", may be discoverable upon showing of substantial need and inability to otherwise obtain without material hardship. *Id.* at 163; *Toledo Edison Co. v. G.A. Technologies, Inc.,* 847 F.2d 335, 339-40 (6th Cir.1988); *In re Perrigo Company*, 128 F.3d 430,

---

[1]There has been no showing or contention by defendant that the consultants (who reviewed the costs, production, and revenues associated with the wells) have also been retained to render expert opinions at trial. Thus, the provisions of Rule 26(a)(2)(b) are not applicable.

437 (6th Cir. 1997); *Toledo Edison*, 847 F.2d at 339-340; *Humphreys, Hutchinson and Mosely v. Donovan*, 755 F.2d 1211, 1219 (6th Cir, 1985); *Reliance Ins. Co.,* 2006 WL 543129 at *2 (ordering production of requested "factual" notes pursuant to Rule 26(b)(3)).

In *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 387 (W.D.Tenn. 1999), the Court explained that:

> "The Sixth Circuit has set out a sequential analysis the court must follow when a claim of work product protection is made. *See Toledo Edison Co. v. G.A. Techs.,* 847 F.2d 335, 339-40 (6th Cir.1988). First, the party requesting the materials must make an initial showing that the information contained therein is relevant to the subject matter of the pending litigation and not otherwise privileged. Next, the party opposing production must demonstrate that the materials were prepared in anticipation of litigation by or for that party's attorney or representative. Then, the burden shifts back to the requesting party to establish a substantial need for the materials and inability to obtain the substantial equivalent of the materials by other means without undue hardship. In no event, however, should the court require the production of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative concerning the litigation."

See also, *Willits v. Peabody Coal Co.*, 1993 WL 35249, *4 (W.D.Ky. 1993) (setting forth same sequential analysis and cautioning that "even if the court determines that the requesting party has substantial need of the materials in the preparation of its case and that the requesting party is not able, without undue hardship, to obtain the substantial equivalent of the materials by other means, the rule flatly states that the court is not to permit discovery of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation"), citing *Toledo Edison Company, supra,* at 340."

The summary information in the "in camera" documents pertains to the production and revenue of the Morita wells, and thus, is relevant for purposes of Civ.R. 26(b)(1), which limits the scope of discovery to information that is relevant, not privileged, and reasonably calculated to lead to the discovery of admissible evidence. In light of the timing, nature, and apparent reason for compiling the documents at issue, it is readily apparent that they were prepared

under the direction of counsel in anticipation of and for use in this litigation. Review of the documents reflects that they are factual in nature and contain various calculations regarding the wells.

To obtain such "factual work product", Rule 26 (b)(3) requires the requesting party to show both substantial need of the materials in preparation of its defense *and* that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Even assuming that the documents are work product and not otherwise privileged, NRC has not made the requisite showing under Rule 26(b)(3). The documents merely contain a summary of information compiled under counsel's direction and based on NRC's own documents. For example, the spreadsheet lists the "production reported to Morita" by NRC and the "production reported to the Kentucky Revenue Cabinet" by NRC. This information is already in NRC's possession. It is noted that the information reported to the Kentucky Revenue Cabinet is also available in public records. NRC has not shown a "substantial need" for the summary information compiled by or for plaintiff's counsel for purposes of this litigation, nor has it shown that is unable without undue hardship to obtain the substantial equivalent of the materials by other means. NRC already possesses the documentary information that counsel's work product was compiled from. Accordingly, the documents contained in defendant's privilege log are protected by the work product doctrine and need not be disclosed.

It is **ORDERED** that the "Motion to Compel" (DE#122) is **DENIED;** furthermore the documents furnished under seal for *in camera* review shall be resealed subject to future orders of the Court.

This the _16th_ day of June, 2006.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge