UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 04-465-DCR

PIONEER RESOURCES CORPORATION,   PLAINTIFF
A NEW YORK CORPORATION

VS.   **MEMORANDUM AND ORDER**

NAMI RESOURCES COMPANY, LLC   DEFENDANT

*******

This matter is before the Court upon the "Plaintiff's Motion to Quash" (DE#142) and the "Defendant's Response" (DE#154). A reply has not been filed. Hereinafter, the plaintiff may be referred to as "Pioneer" whereas the defendant may be referenced as "NRC" or "Nami". Having carefully considered the arguments of counsel, the undersigned Magistrate Judge finds as follows:

As discussed in previous orders, the discovery deadline in this case expired on June 1, 2006. (DE#81) However, defendant NRC filed a subpoena duces tecum upon the accounting firm of Stivers & Associates on June 8, 2006, seeking a voluminous amount of documents, most of which are already in the possession of defendant or readily available from other sources. Plaintiff filed a motion to quash the subpoena. Defendant has filed a lengthy response but fails to mention its untimeliness in issuing the subpoena at issue. Defendant indicates that it has

known that it wanted such requested documents for several months. Defendant provides no cogent reason for filing its subpoena at such late date.  See this Court's Order entered on June 27, 2006 (DE #150) quashing a discovery subpoena issued after expiration of the discovery deadline.

      Plaintiff asserts that during the agreed audit of NRC by Stivers & Associates this past spring, said accountants reviewed thousands of NRC documents and gave copies to defense counsel. Pioneer further asserts that the present requests are duplicative, burdensome, overly broad, and are being used to harass. The requests do appear quite broad.  For example, Request #3 asks for "all workpapers, binders, and documents relating to your audit of NRC";  Request #6 asks for "all documents related to NRC"; and Request #7 asks for "all documents provided to you in any way pertaining to your audit of NRC". As the audit was based largely on NRC's own documents, the plaintiff's objections are well-taken.

      Defendant now claims it was not given copies of some documents, to wit: 1) audit reports of NRC's former auditors, 2) deposition transcripts of NRC representatives, 3) integration reports pertaining to the wells, and 4) third-party confirmations that verify data received from NRC. NRC acknowledges that the requested documents were made available to it in April of 2006, but complains that it wrote the accountants asking for copies on May 16, 2006, but did not receive

them.

NRC argues its requests as if they were much narrower than they actually are. However, the requests as written are broad, perhaps burdensome, and largely duplicative of prior discovery. For example, in addition to Request #3 asking for "all workpapers, binders, and documents relating your audit of NRC", Request #6 asks for "all documents related to NRC", and Request #7 asks for "all documents provided to you in any way pertaining to your audit of NRC".

It is apparent that NRC already possesses most of the requested documents. NRC is quite capable of contacting the court reporter to obtain copies of the requested transcripts. Moreover, Pioneer has indicated it has no objection to providing the documents in Requests #4, 9, and 10.

Pioneer has not asserted, nor has Nami questioned, whether the plaintiff (Pioneer) has standing to file this motion on behalf of its expert witness, Stivers & Associates. Thus, the Magistrate Judge will assume "standing" is not contested.

As the subpoena was served on June 8, 2006, a week after expiration of the discovery deadline of June 1, 2006, it would be easy for the Court to again, poetically, as well as legally, quash same as untimely.[1] However, Nami points out

---

[1] "'Tis some visitor," I muttered, "tapping at my chamber door. Only this, and nothing more. "Quoth the raven, 'Nevermore'" (Edgar Allen Poe, *The Raven)*.

that Stivers & Associates agreed to provide certain portions of the requested documents on April 25, 2006 (DE #154-3 and 5), and that counsel for Pioneer has agreed to furnish additional portions of the requested information (Requests 4, 9 and 10). Thus, the written requests were at least timely as to these two matters. Moreover, such disclosure of matters considered by an expert witness is consistent with Fed.R.Civ.P. 26(a)(2) advisory committee note (1993 amendments), provided that such documents directed to be produced for inspection and copying were *considered* by the expert or summarize or support the expert's opinion. Otherwise, the subpoena is not timely, and for that reason, as well as the additional reasons set out above, must be quashed.

This matter, although filed as a "civil" case, has become the opposite. Again, in a poetic mood, the Magistrate Judge notes:

> "What a case this has been,
> For me to retire is not a sin;
> From the lawyers' groans and yells,
> To the moaning and groaning of the bells."[2]

The Magistrate Judge is relieved that the discovery deadline has passed, and that all future issues will be decided by the District Judge. Again, with apologies to the author, and citing poetry in lieu of case law (which, under numerous

---

[2] *The Bells*, by Edgar Allen Poe (paraphrased).

citations there can be found authority supporting either party's position), the Magistrate Judge loosely quotes:

> "So, closing his heart, the Magistrate Judge rides on,
> leaving the District Judge in the field alone;
> Alas for Pioneer, alas for the Judge,
> For Nami has won this motion with a grudge,
> God pity them both! And pity us all,
> Who vainly the victories of past motions recall;
> For all sad words of tongue or pen,
> The saddest are these: 'It might have been!'
> Ah, well! For us all some sweet hope lies,
> Deeply buried from human eyes;
> And in the hereafter angels may
> Discover that the case was settled today!"[3]

In conclusion, the motion to quash should be granted. However, in the interest of fairness, Nami may discover those items (DE #154-5) requested in its letter and attachment to Stivers & Associates dated May 16, 2006 (DE #154-3 and 154-5), only to the extent that such documents were *considered* by the expert or summarize or support the expert's opinion. However, rather than commanding Stivers & Associates to produce same at the office of Nami's counsel (as set out in the subpoena), Stivers & Associates need only produce the items for inspection and copying at its offices at 190 Market Street, Suite 1, Lexington, Kentucky, the costs of copying to be at the sole expense of Nami. Likewise, pursuant to their

---

[3]*Maud Muller*, John Greenleaf Whittier.

agreement, counsel for Pioneer shall produce, at its expense, the information requested in Requests 4, 9 and 10.

Accordingly,

It is **ORDERED** that the motion to quash the subpoena is **granted**. However, in the interest of fairness, the defendant shall be entitled to discovery of the specific items referenced in the previous paragraph, only to the extent and in the manner provided therein. This discovery should be provided or made available not later than the date of the final pretrial conference, being July 24, 2006, unless counsel agree upon a later date.

This the 18th day of July, 2006.

Signed By:
*J.B. Johnson, Jr.*
United States Magistrate Judge